02D03-2101-CT-000018
Filed: 1/14/2021 12:33 PM
Clerk
Allen Superior Court 3
Allen County, Indiana
SV

USDC IN/ND case 1:21-cv-00079-HAB-SLC document 4 filed 01/14/21 page 1 of 4

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. |

| | |
|---|---|
| TIMOTHY P. GALBREATH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| O'DANIEL AUTOMART, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, Timothy P. Galbreath, alleges against Defendant that:

1. The Plaintiff is Timothy P. Galbreath who filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about September 15, 2020, No. 470-2020-03905, a copy of which is attached hereto and made apart here of as Exhibit A. The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on or about October 19, 2020 (Exhibit B), and this Complaint has been filed within ninety days after receipt thereof.

2. The Defendant is O 'Daniel Automart, Inc., a corporation which does business locally at 4200 Illinois Road, Fort Wayne, Indiana 46804. Defendant's Registered Agent is Randy O'Daniel and his address is 5611 Illinois Road, Fort Wayne, Indiana 46804. Defendant's representative is David Gutting, CFO at P.O. Box 517, Fort Wayne, Indiana 46801-0517.

3. Defendant is an 'employer" for purposes of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 611 *et seq*. ("ADEA") and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"). Plaintiff alleges that he was

discriminated against and retaliated against and terminated on account of his age (60 years old at time of termination) and because he experienced severe flu symptoms and needed one week off work which he was qualified to take as medical leave under the FMLA.

4. Plaintiff was terminated on or about March 26, 2020 after training substantially younger individuals who, on information and belief, took over and performed Plaintiff's job duties with the Defendant after the Defendant terminated the Plaintiff. Defendant terminated Plaintiff for bogus and false reasons including telling Plaintiff that, "The auto industry is changing and you are not." But later, Defendant changed its reasons for terminating the Plaintiff and told the Indiana Department of Workforce Development that Plaintiff had refused to work with a reduced workforce that had been implemented because of the COVID-19 pandemic, but this reason was a lie as well. The HR Manager, Sherie Stein, told Plaintiff that she knew the reason provided by Defendant to terminate Plaintiff was not the truth.

5. Defendant terminated Plaintiff and retaliated against him because of his age and fired him for false and pretextual reasons in violation of the ADEA.

6. Plaintiff's rights under the FMLA were violated. Plaintiff did not receive the substantive benefits he was allowed under the FMLA (the right to medical leave and the right to return to work without being retaliated against); Plaintiff's job was interfered with as a result of informing Defendant-employer that he had a serious health condition and needed time off work; Plaintiff was retaliated against and was

terminated (and suffered job interference) as a result of informing Defendant of his serious health condition and his need for medical leave, and actually taking one week off of work.

7. The actions of the Defendant in discriminating against, retaliating against, and terminating the Plaintiff were intentional and in reckless disregard of Plaintiff's federally protected civil rights under the ADEA and the FMLA. As a result, Plaintiff lost his job and job-related benefits including income. Plaintiff suffered from and experienced job loss, financial insecurity, humiliation, embarrassment, inconvenience, emotional distress, mental anguish, and other damages and injuries. Plaintiff seeks compensatory damages, pecuniary damages, liquidated damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant, for economic damages, compensatory damages, liquidated damages, reasonable attorney's fees and costs and any and all other relief available under the ADEA and the FMLA, including cost of the action.

## JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400

3

Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
*Attorney for Plaintiff*